

90 PARK AVE
37TH FLOOR
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

July 30, 2025

**VIA ECF**
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      **Re:**    *Harman Becker Automotive Systems Manufacturing KFT and*
               *Harman Becker Automotive Systems, Inc. v. TASUS Texas*
               *Corporation*; Case No. 1:24-cv-006488

Dear Judge Abrams:

Pursuant to Your Honor's Individual Rule 3 and Local Rule 37.2, Harman submits this letter-motion to request a conference regarding its motion to compel Defendant TASUS to present a corporate representative to be deposed in this matter. We are prepared to discuss this issue at the August 15 conference and respectfully request that this issue be added to the agenda. While TASUS objects to Harman taking the deposition of its corporate representative, TASUS confirmed it will not object to the deposition taking place after the discovery cutoff, if the Court orders the deposition.

In this case, Harman claims that TASUS breached its contractual obligations pursuant to the parties' Master Purchase Agreement (MPA) when TASUS sold its Georgetown, Texas manufacturing facility while its production obligations to Harman were ongoing (and supporting multiple OEM vehicle programs). As a result of TASUS's breaches, Harman suffered damages in excess of $7,000,000.

On June 16, Harman served its 30(b)(6) deposition notice (**Exhibit A**). The notice was served well before the fact discovery deadline in this case and includes 10 specifically tailored, highly relevant topics. In the weeks after serving the notice, Harman negotiated in good faith with TASUS to attempt to narrow the scope of the targeted topics under the belief that the parties had agreed the deposition would proceed on July 30. For example, Harman agreed to serve interrogatories to TASUS in lieu of topic No. 1 (damages) and did so on July 14.

On July 19, over a month after Harman served the notice, TASUS's counsel advised for the first time that TASUS objects to the corporate representative deposition in its entirety and refuses to present any corporate representative. TASUS's rationale for refusing to present a corporate representative deponent is that "fact witnesses have already testified" regarding topic Nos. 2, 3, 6 and 7, and that topic Nos. 4 and 5 are allegedly irrelevant to the claims and defenses asserted. TASUS did not raise any objections to topic Nos. 9 and 10 but still refuses to produce any witness to testify.

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.

**≡FOLEY**

**FOLEY & LARDNER LLP**

For the Court's benefit and convenience, the following chart depicts a brief summary of each of the 10 deposition topics as well as their corresponding relevance:

| Topic No. | Relevance |
|---|---|
| 1 – TASUS's assessment of Harman's damages | TASUS's defenses or rebuttal, if any, of Harman's alleged damages calculation as a result of TASUS's breaches and resultant damages of over $7 million. |
| 2 – TASUS's timing and discussions regarding the decision to sell the Georgetown facility | When/why TASUS sold the Georgetown facility, which precipitated this entire action. |
| 3 – TASUS's communications with its ultimate decisionmaker, Koichi O'Hara, regarding the sale of the Georgetown facility | What was communicated to/from TASUS's ultimate decisionmaker regarding his reasoning to sell the Georgetown facility, which precipitated this entire action. *Alternatively, the Court can order the fact witness deposition of O'Hara to be conducted in New York within a reasonable timeframe.* |
| 4 - Timing and purposes of trips of Koichi O'Hara relating to the sale of the Georgetown facility | What was communicated to/from TASUS's ultimate decisionmaker regarding his reasoning to sell the Georgetown facility, which precipitated this entire action. *Alternatively, the Court can order the fact witness deposition of O'Hara to be conducted in New York within a reasonable timeframe.* |
| 5 - Meetings and onsite visits of Koichi O'Hara relating to the sale of the Georgetown facility | What was communicated to/from TASUS's ultimate decisionmaker regarding his reasoning to sell the Georgetown facility, which precipitated this entire action. *Alternatively, the Court can order the fact witness deposition of O'Hara to be conducted in New York within a reasonable timeframe.* |
| 6 – Conversations regarding the decision to notify customers of the sale of the Georgetown facility | When/what TASUS communicated to its customers regarding the sale of the Georgetown facility. To the extent that TASUS is claiming that Harman failed to mitigate its damages, this topic is highly relevant to Harman's damages claim. |
| 7 – The amount FMT paid TASUS for the Georgetown facility | Why TASUS chose to sell the Georgetown facility, which precipitated this entire action and resulted in $7 million in damages to Harman. |
| 8 – TASUS's profit margins for the Georgetown facility relative to other TASUS facilities and for the Harman account | Why TASUS chose to sell the Georgetown facility, including profitability of the parts TASUS made for Harman, which precipitated this entire action and resulted in $7 million in damages to Harman |
| 9 – TASUS's decisions and justifications regarding the post-sale withholding of Harman's tooling | When/why TASUS chose to withhold Harman's tooling after the sale of the Georgetown facility, which caused significant damages to Harman. |
| 10 – TASUS's internal policies and practices regarding withholding customer tooling | When/why TASUS chose to withhold Harman's tooling after the sale of the Georgetown facility, which caused significant damages to Harman. |

Per Fed. R. Civ. P. 30(b)(6), "a party may name as the deponent a public or private corporation. . . and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person



**FOLEY**

FOLEY & LARDNER LLP

designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). Here, in a significant case between two corporations with alleged damages exceeding $7 million (in addition to pre- and post-judgment interest, attorneys' fees and costs), TASUS refuses to present a 30(b)(6) witness for no discernable reason other than the untenable view that such witness would be "duplicative" and/or "irrelevant." Put simply, the notion that TASUS can simply ___*refuse*___ to present a corporate representative to testify on behalf of the company has no basis in fact or law. This is particularly true in light of the nature of the fact witness depositions that have taken place to date.

Harman has deposed four party witnesses (TASUS's President, VP of Business Development, Sr. Business Development Manager, and Sr. Business Manager). Each of the four TASUS witnesses testified that they only met with their attorney for an hour or less in preparation for their depositions. President, Amy Ketcham, VP of Business Development, Jay Brown, and Sr. Business Manager, Dan Barnes, all testified they reviewed **zero** documents in preparation for their depositions. And Sr. Business Development Manager, Carey Marks, testified that he reviewed only two emails in preparation for his deposition. The witnesses' lack of preparation was apparent as they frequently stated that they did not know or remember answers to questions that fall within the topics set forth in the corporate notice.

One of the key purposes of Rule 30(b)(6) is to prevent exactly this type of conduct: "bandying," in which officers of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization. Harman is entitled to depose a corporate representative that will be able to give complete, knowledgeable and binding answers on TASUS's behalf. *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.").

TASUS also "did not designate its Rule 30(b)(6) witness(es), as it was required to do, and it did not make a motion for a protective order prior to the plaintiff's motion to compel." *Alli v. Steward-Bowden*, No. 11 CIV. 4952, 2013 WL 12621516, at *3 (S.D.N.Y. Oct. 1, 2013) (holding that plaintiff is entitled to an order compelling testimony from the defendant's Rule 30(b)(6) witness(es) and compliance with its Rule 30(b)(6) notice and awarding reasonable expenses to plaintiff incurred in connection with the motion to compel). Accordingly, Harman requests TASUS be compelled to produce a corporate representative and that the Court order TASUS to reimburse Harman for attorneys' fees in connection with this letter-motion.

The parties met and conferred via telephone on July 29 and were unable to resolve this issue. Accordingly, Harman respectfully requests this issue be added to the agenda for the August 15 conference.

[Signature on the following page]



Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Sam M. Koch*
Sam M. Koch
90 Park Avenue
New York, NY 10016
(212) 682-7474

Vanessa L. Miller (admitted *pro hac vice*)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
(313) 234-7100
vmiller@foley.com

*Counsel for Plaintiffs*

This case has been referred to Magistrate
Judge Willis for general pretrial.  This and
all other pretrial disputes shall thus be raised
with Judge Willis.

SO ORDERED.

_____
Hon. Ronnie Abrams
July 31, 2025