UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARMAN BECKER AUTOMOTIVE SYSTEMS MANUFACTURING KFT and HARMAN BECKER AUTOMOTIVE SYSTEMS, INC.,

Plaintiffs,

v.

TASUS TEXAS CORPORATION,

Defendant.

24-CV-6488 (RA)

MEMORANDUM
ORDER & OPINION

RONNIE ABRAMS, United States District Judge:

The following facts are drawn from the parties' Local Civil Rule 56.1 statements, declarations, and exhibits and are undisputed except as noted. The parties' familiarity with the facts of the case is assumed and the Court recounts only what is necessary.

This matter arises out of a contractual dispute between Plaintiffs Harman Becker Automotive Systems Manufacturing Kft and Harman Becker Automotive Systems, Inc. (collectively "Harman" or "Plaintiffs") and Defendant TASUS Texas Corporation ("TASUS") regarding an alleged breach of a Master Purchase Agreement ("MPA") entered into in 2018. Dkt. No. 1 ("Compl."), *id.*, Ex. A ("MPA"). On August 28, 2024, Harman commenced this action against TASUS, asserting a single count of breach of contract. Compl. at 9–10. Following a lengthy discovery period, the parties cross-moved for summary judgment. *See* Dkt. Nos. 49 ("Pls. Br."), 50 ("Def. Br."). On July 20, 2026, the Court held oral argument on the parties' motions.

Federal Rule of Civil Procedure 56 authorizes a court to grant summary judgment if the movant establishes that "there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).[1] Where, as here, the parties filed cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Enter.*, 249 F.3d 115, 121 (2d Cir. 2001).

The gravamen of Harman's Complaint is that TASUS breached the MPA—which governed TASUS's provision of manufacturing parts to Harman for its use in multimedia and audio systems later incorporated into automobiles sold by end customers—when it decided to sell its production plant in Georgetown, Texas. *See* Dkt. No. 58 ("Def. Rule 56.1 Counterstatement") ¶¶ 2, 4, 10. TASUS counters that Harman's regularly late payments constituted nonperformance under the MPA, relieving it from its obligation to fulfill its contractual obligations. Def. Br. at 9; *See* Dkt. No. 56 ("Pls. Rule 56.1 Counterstatement") ¶¶ 2, 9. In response, Harman argues that any late payments failed to constitute a material breach and that, regardless, TASUS waived its right to enforce the payment provision in the MPA. *See* Dkt. No. 55 ("Pls. Opp'n") at 7–10; Pls. Br. at 28–29.

Although Harman does not dispute that it was late on at least some of its payments, a dispute does exist as to whether its late payments constituted a material breach and thus whether it substantially performed under the MPA. "Under New York law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain, or synonymously, where that party has committed a material breach." *Weihai Lianqiao Int'l Coop Grp. v. A Base IX Co. LLC*, 799 F. Supp. 3d 195, 232 (S.D.N.Y. 2025). "The issue of whether a party has substantially performed is usually a question of fact and should be decided as a matter

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

of law only where the inferences are certain." *Int'l Cards Co., Ltd. v. Mastercard Int'l Inc.*, 2016 WL 3039891, at *3 (S.D.N.Y. May 26, 2016) (citing *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007)). There is also a dispute as to whether TASUS waived its right to timely payment of Harman's invoices. Both of these disputes are genuine and involve material facts, barring resolution at this stage.

In short, the Court finds that triable issues of fact remain as to whether Harman's late payments to TASUS constituted a material breach and whether TASUS waived its right to enforce the MPA's payment provision. The cross-motions for summary judgment are thus denied. The parties shall submit a status letter within thirty (30) days of the filing of this order proposing dates for a bench trial. They shall also advise the Court whether they are amenable to participating in a settlement conference before Magistrate Judge Willis or the Court's mediation program.

The Clerk of Court is hereby respectfully directed to close the motions pending at Dkt. Nos. 47 and 50.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Ronnie Abrams
United States District Judge